**Nicola PERRI**

v.

**John Foster DULLES, Secretary of State of the United States, Appellant.**

**No. 11739.**

United States Court of Appeals Third Circuit.

Argued Feb. 21, 1956.

Decided March 7, 1956.

Herman Scott, Newark, N. J. (Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., on the brief), J. F. Bishop, Atty., Dept. of Justice, Washington, D. C., for appellant.

Samuel Paige, New York City (Paige & Paige, New York City, on the brief), Norma Z. Paige, New York City, of counsel, for plaintiff-appellee.

Before MARIS, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The Government appeals from a judgment of the district court for the district of New Jersey declaring the plaintiff, Nicola Perri, to be a citizen of the United States. The judgment was entered following a hearing after remand by this court upon our reversal of a prior judgment declaring that the plaintiff had expatriated himself and was no longer a citizen. The facts are stated in our prior opinion, Perri v. Dulles, 3 Cir., 1953, 206 F.2d 586, 591, and need not be repeated here. Suffice it to say that the sole issue before the district court on remand was whether the plaintiff was expatriated under section 401(a) of the Nationality Act of 1940 [1] by his failure to take up permanent residence in the United States within two years after January 13, 1941, the effective date of that act.

In our prior opinion we held that "the two years limitation must be regarded as having been tolled by the existence of the state of war between the United States and Italy and as not commencing to run again until, through the resumption of diplomatic relations and normal means of travel, it became once more possible for the plaintiff in Italy to secure permission to come to the United States and transportation to accomplish the journey." We also held that "the statutory time limitation applies to the application by the plaintiff for permission to come to the United States to live and not to the time of his actual arrival here." To these views we adhere.

The district court has now found (1) that diplomatic relations between Italy and the United States were resumed July 1, 1944, (2) that "normal means of travel" from Italy to the United States were not available to plaintiff until at least January, 1947, (3) that plaintiff did not learn of his rights as an American citizen until May, 1947, (4) that plaintiff first made application for permission to come to the United States to live in May, 1947, and (5) that plaintiff persisted, as best he could, in this application down to the time he brought the present proceedings. Upon these facts the district court rightly held, in accord with our prior opinion, that the two years limitation of the Nationality Act had been tolled and did not operate to expatriate the plaintiff.

The Government argues that the second and third findings of fact to which we have referred are not supported by the evidence and must be set aside as clearly erroneous. The Government's own evidence, however, makes it clear that normal means of travel from Italy to

1. Now Immigration and Nationality Act, 8 U.S.C.A. § 1481(a).

the United States, as distinguished from emergency transportation provided by the Government for recognized American citizens, were not available until at least January, 1947. The finding of the district court on this point is, therefore, fully supported by the evidence. Together with the first, fourth and fifth findings it furnishes adequate support for the judgment. It, therefore, becomes immaterial when the plaintiff first learned of his American citizenship and whether there is any valid distinction to be made in this connection between the plaintiff's knowledge of his right to American citizenship and his knowledge of his rights as a citizen. We accordingly do not consider further the Government's attack upon the third finding of the court as relating to the latter and not to the former.

The judgment of the district court will be affirmed.